USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  4/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ACE AMERICAN INSURANCE COMPANY,

    Plaintiff,

-against-

SPRAIN ASSOCIATES, LLC,

    Defendant.

1:20-cv-4296 (MKV)

OPINION & ORDER DENYING
DEFENDANT'S REQUEST TO
FILE AMENDED ANSWER
AND THIRD-PARTY COMPLAINT

MARY KAY VYSKOCIL, United States District Judge:

    ACE American Insurance Company ("ACE") commenced this action seeking rescission of an insurance policy it had issued to Sprain Associates, LLC ("Sprain") on the ground that Sprain made material misrepresentations in the application for the policy [ECF #1-1 at 4–26 ("Cmpl.")]. ACE also asserts a number of claims for a declaratory judgment that no coverage is owed based on various coverage defenses. Sprain previously filed its current Answer asserting counterclaims for breach of contract and declaratory judgment [ECF #4 ("Ans.")].

    Before the Court is Sprain's motion to file: (1) an amended answer, asserting additional counterclaims against ACE, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure; and (2) a third-party complaint against Levitt-Fuirst Associates, Ltd. ("Levitt-Fuirst"), pursuant to Rule 14(a)(1) [ECF #23, 23-5 ("Proposed Amended Answer"), 23-6 ("Proposed TPC"), 23-7 ("Def. Mem."), 25]. Sprain seeks to allege in its Proposed Amended Answer that Levitt-Fuirst was ACE's agent and that Sprain provided to Levitt-Fuirst correct information pertinent to the policy. Sprain seeks to assert a claim for negligence against Levitt-Fuirst "in the alternative, to the extent that this Court and/or a finder of fact concludes that . . . Levitt-Fuirst was not acting as an agent for ACE, but rather as an agent for Sprain." Proposed TPC ¶ 1.

ACE opposes Sprain's request to amend its answer [ECF #24 ("Pl. Opp.")]. ACE argues that the proposed amendments would be futile. ACE "takes no position" on Sprain's request to file a third-party complaint. Pl. Opp. at 1 n.1. For the reasons set forth below, Sprain's motion is DENIED in its entirety.

I. BACKGROUND[1]

Levitt-Fuirst, a citizen of New York, is an insurance broker. *See* Proposed TPC ¶¶ 2, 4. In 2014, Sprain, also a citizen of New York, "began consulting with Levitt-Fuirst regarding the procurement of various policies of insurance in connection with its business." *Id*. ¶¶ 3, 4. In 2017, ACE and Levitt-Fuirst executed a Producer Agreement governing their relationship. *See* Proposed Amended Answer ¶¶ 168, 259; Producer Agreement at 16. The Producer Agreement provides that "the Producer's relationship to the Company under this contract is that of insurance broker and not the Company's agent. The Producer's primary duty is to represent the best interests of the insurance customer that has engaged the Producer as the Insured's agent to obtain insurance." Producer Agreement at 12. However, under the Producer Agreement, ACE also gave Levitt-Fuirst "authority" to "make submissions to the Company" and use the ACE "internet portal." *Id*. at 3, 8; *see* Proposed Amended Answer ¶¶ 261, 263–64. The agreement also requires Levitt-Fuirst to notify ACE of claims on behalf of insurance customers and requires each party to the Producer Agreement to hold the other harmless. *See* Producer Agreement at 3, 5; Proposed Amended Answer ¶¶ 260, 262.

---

[1] The facts are taken from Sprain's proposed new pleadings, as well as the exhibits attached thereto [ECF #23-2 ("Producer Agreement"), 23-3 ("Email with Bulk Storage Certificate"), 23-5 ("Proposed Amended Answer"), 23-6 ("Proposed TPC")]. *See Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012) ("In assessing whether the proposed [pleading] states a claim," a court must "accept as true all non-conclusory factual allegations therein.").

Sprain owns an apartment complex in Yonkers, New York where it "utilized an 8,000-gallon underground storage tank ('UST') for heat." Cmpl. ¶¶ 8, 9; Proposed Amended Answer ¶¶ 8, 9. Working through Levitt-Fuirst, Sprain first applied for a TankSafe Storage Tank Liability Insurance policy to cover the UST on May 15, 2019, and ACE issued a policy to Sprain on May 16, 2019 ("May 2019 Policy"). *See* Cmpl. ¶¶ 11, 12; Proposed Amended Answer ¶¶ 11, 12; Proposed TPC ¶¶ 5–12. Sprain "admits" that the application for the May 2019 Policy "mistakenly stated that the UST was installed on January 1, 2009," even though it "was installed on May 1, 2001." Proposed Amended Answer ¶ 15. Sprain's proposed new pleadings allege, however, that, on May 15, 2019, "Sprain sent to Levitt-Fuirst," along with the application, a "Bulk Storage Registration Certificate issued by the Westchester County Department of Health Office of Environmental Health Risk Control" that "contained the [correct] installation date for the UST." Proposed TPC ¶¶ 8–9; *see* Proposed Amended Answer ¶¶ 169, 266–67; Email with Bulk Storage Certificate at 1, 3. Sprain also "admits" that the application for the May 2019 Policy "mistakenly stated that the UST was made of fiberglass," even though it "was made of urethane-clad double-walled steel." Proposed Amended Answer ¶ 16. Nowhere in the proposed new pleadings does Sprain allege that Levitt-Fuirst was aware of this error when Sprain applied for the May 2019 Policy.

ACE alleges that, on June 5, 2019, Levitt-Fuirst informed ACE that the application for the May 2019 Policy misstated the installation date and material of the UST, and ACE informed Levitt-Fuirst that, because these misstatements were "substantial," the May 2019 Policy "needed to be cancelled and rewritten with a new effective date and premium." Cmpl. ¶¶ 14–17. Sprain alleges, in both its current Answer and the Proposed Amended Answer, that it never received "a written notice of cancellation," as required under the May 2019 Policy. Ans. ¶¶ 178–180;

3

Proposed Amended Answer ¶¶ 180–82.  The parties agree that Sprain signed a new application dated June 12, 2019 [ECF #1-1 at 38–43], and ACE issued Sprain a new policy on the same date ("June 2019 Policy").  *See* Cmpl. ¶¶ 24, 35; Ans. ¶ 35; Proposed Amended Answer ¶¶ 35, 171.  On June 13, 2019, Sprain reported a claim to Levitt-Fuirst under both policies.  Cmpl. ¶ 67; Ans. ¶ 67; Proposed Amended Answer ¶¶ 67, 172.

ACE commenced this action asserting claims for rescission of the June 2019 Policy and, in the alternative, a declaratory judgment that no coverage is owed under the June 2019 Policy.  ACE alleges, in substance, that, as of June 12, 2019, Sprain was aware that its UST was the source of an oil spill, which was the subject of an investigation and report by the New York State Department of Environmental Conservation, as well as a claim submitted by the owners of a neighboring property for relief from the New York Environmental Protection and Spill Compensation Fund.  ACE alleges that, nevertheless, Sprain stated in the application for the June 2019 Policy, signed on June 12, 2019, that there had been no reportable spills and that Sprain was not aware of any reason to think there might be claims against it.

Sprain maintains, in both its current Answer and its Proposed Amended Answer, that its statement in the application for the June 2019 Policy were true when written, that Sprain learned of the spill and environmental violations "later in the day of June 12, 2019," and that it "promptly disclosed" them to ACE by submitting a claim on June 13, 2019.  Ans. ¶¶ 198–99; Proposed Amended Answer ¶¶ 200–201.  Moreover, in both its current Answer and its Proposed Amended Answer, Sprain seeks a declaratory judgment that the May 2019 Policy was active and in force when Sprain submitted its June 13 claim because, *inter alia*, ACE had not issued a written notice of cancellation.  Ans. ¶¶ 212–13; Proposed Amended Answer ¶¶ 214–15.  Sprain's proposed amendments add only that, because Levitt-Fuirst was allegedly ACE's agent and

4

Sprain had sent Levitt-Fuirst a certificate containing the correct date the UST was installed along with the application for the May 2019 Policy, ACE knew the correct date when it issued the May 2019 Policy, notwithstanding the misstatement in the application.

## II. DISCUSSION

### A. The Proposed Amendments to the Answer Would Be Futile.

Under Rule 15(a)(2), a court should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, a request to replead should be denied in the event that amendment would be futile." *Absolute Activist Value Master Fund Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

Sprain proposes to amend its Answer to include allegations that Levitt-Fuirst was ACE's agent and that Sprain had sent Levitt-Fuirst a certificate containing the correct date that its UST was installed along with its application for the May 2019 Policy. *See* Proposed Amended Answer ¶¶ 168–69, 258–79. The Proposed Amended Answer purports to assert two "additional counterclaims" for declaratory judgment that ACE is obligated to defend and indemnify Sprain in connection with the oil spill, subject to the limits of the May 2019 Policy. Def. Mem. at 7; *see* Proposed Amended Answer ¶¶ 273, 279. The thrust of the proposed amendments is that ACE did not have reason to cancel the May 2019 Policy since, by virtue of its alleged agency relationship with Levitt-Fuirst, ACE had knowledge of the correct date of installation Sprain's UST when it issued that policy.

Accepting the factual allegations in the Proposed Amended Answer as true, the proposed amendments neither state new claims against ACE, nor cure deficiencies in the claims Spain asserts in its current Answer. *See Panther Partners*, 681 F.3d at 119. The current Answer already asserts claims for declaratory judgment that the May 2019 Policy was in force when Sprain became aware of the claims against it and that ACE is obligated to defend and indemnify Sprain under the May 2019 Policy. *See* Ans. ¶¶ 216, 226, 227, 231, 235, 236, 249, 250, 254, 255. The proposed amendments do not change whether Sprain is entitled to the relief it seeks. Sprain argues that, because knowledge of the correct date of the UST installation should be imputed to ACE, "there is no basis . . . for ACE to allege that the application submitted in connection with the May 2019 Policy contained [a] material misrepresentation." Proposed Amended Answer ¶ 271; *see* Def. Mem. at 10. However, Sprain "admits," in both its current Answer and the Proposed Amended Answer, that the application for the May 2019 Policy "mistakenly stated that the UST was made of fiberglass," even though it "was made of urethane-clad double-walled steel." Ans. ¶ 16; Proposed Amended Answer ¶ 16. Thus, assuming, *arguendo*, that the Court agrees that Levitt-Fuirst was ACE's agent and, therefore, knew the correct date of Sprain's, the application for the May 2019 Policy nonetheless contained a material misrepresentation. *See Mut. Ben. Life Ins. Co. v. JMR Electronics Corp.*, 848 F.2d 30, 32–33 (2nd Cir. 1988).

The Court expresses no opinion on Sprain's claims for declaratory judgment that the May 2019 Policy remained in force and that ACE is obligated to defend and indemnify Sprain under that policy. For example, Sprain might prevail based on its allegation that ACE had not issued "a written notice of cancellation," as required by the May 2019 Policy. Ans. ¶¶ 178–180. However, that allegation is already in Sprain's current Answer. The Court concludes only that,

for the reasons stated above, Sprain's proposed amendments would be futile. As such, Sprain's request to file an amended answer is DENIED.

**B. The Court has Discretion To Deny the Request To File a Third-Party Complaint.**

Sprain seeks leave to file a third-party complaint against Levitt-Fuirst, pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure. ACE states that it "takes no position" on this request. Pl. Opp. at 1 n.1. The Court, however, has discretion to deny leave. *See* Fed. R. Civ. P. 14(a)(1) (explaining that a would-be "third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer"); 6 C. Wright & A. Miller, Federal Practice and Procedure, § 1443 (3d ed.) (describing "courts' discretionary power under the rule").

The Court notes that in a pre-motion letter in opposition to Sprain's request for leave to file the instant motion, ACE questioned whether Sprain's request "to assert a state law claim against a non-diverse third party" would "fall outside this Court's subject matter jurisdiction" [ECF #17 at 2]. ACE is correct that the Court's jurisdiction in this case rests on the diversity of the parties and that Sprain and Levitt-Fuirst are both citizens of New York. *See* Proposed TPC ¶¶ 2, 3, 4. "Nevertheless, subject matter jurisdiction exists over the third-party cause of action based on ancillary jurisdiction." *Bank Of India v. Trendi Sportswear, Inc.*, 239 F.3d 428, 436 (2d Cir. 2000); *see also City of Almaty, Kazakhstan v. Ablyazov*, 15-cv-5345 (AJN), 2021 WL 1180058, at *4 (S.D.N.Y. Mar. 29, 2021).

Even so, "[t]he decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion." *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984). In general, impleader is appropriate where a third-party may be liable "for all or part of the claims against" the defendant. Fed. R. Civ. P. 14(a); *see Kenneth Leventhal*,

7

736 F.2d at 31; *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003). However, a court may deny leave to file a third-party complaint that "would foster an obviously unmeritorious claim." *Shafarman v. Ryder Truck Rental, Inc.,* 100 F.R.D. 454, 459 (S.D.N.Y. 1984). The thrust of Sprain's Proposed Third-Party Complaint is that, in the event that ACE is not obligated to defend and indemnify Sprain under the May 2019 Policy, Levitt-Fuirst is liable to Sprain because the lack of coverage is the "actual and proximate result of Levitt-Fuirst's negligence" in failing to convey to ACE the correct date of the installation of Sprain's UST. Proposed TPC ¶¶ 31–32. The Court has already explained that whether the May 2019 Policy was in effect when Sprain filed its claims for coverage does not turn on whether ACE knew the UST's installation date. *See supra* Part II.A. As such, impleader would not promote "judicial efficiency." *Fortunato v. Chase Bank USA, N.A.*, 2011 WL 5574884, at *1 (S.D.N.Y. Nov. 16, 2011) (alteration omitted). Accordingly, in the Court's discretion, Sprain's request for leave to file a Third-Party Complaint in this action is DENIED.

### III. CONCLUSION

For the reasons set forth above, Sprain's motion is DENIED in its entirety. The Clerk of Court is respectfully directed to terminate the motion pending at docket entry 23.

**SO ORDERED.**

**Date: April 29, 2020**  
**New York, NY**

_/s/ Mary Kay Vyskocil_  
**MARY KAY VYSKOCIL**  
**United States District Judge**